IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERSON NUNEZ,

        Petitioner,

    v.

CHARLES DANIELS,

        Respondent.

Civil No. 04-1882-AS

OPINION AND ORDER

GERSON NUNEZ
Fed. Reg. No. 46057-054
Federal Prison Camp
P.O. Box 200
Waymart, PA  18472

    Petitioner *Pro Se*

KARIN J. IMMERGUT
United States Attorney
District of Oregon
KELLY A. ZUSMAN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204

    Attorneys for Respondent

ASHMANSKAS, Magistrate Judge.

Petitioner, a former inmate at FPC Sheridan now incarcerated at the Federal Prison Camp at Waymart, PA, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 *pro se*. Currently before the court is the Petition for Writ of Habeas Corpus (#1). The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).

## BACKGROUND

In 2000, Petitioner was convicted in the United States District Court for the District of Alaska on charges of Conspiracy with Intent to Distribute Cocaine and Distribution of Cocaine, and was sentenced to 151 months of incarceration, followed by a 5-year term of supervised release. Petitioner's current projected good conduct release date is March 2, 2010.

Petitioner does not challenge the legality of his conviction or sentence. Rather, he seeks an order requiring the Bureau of Prisons to immediately transfer him to a community corrections center to serve the remainder of his term of incarceration.

## DISCUSSION

It is well settled that before filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, a federal prisoner challenging any circumstance of imprisonment must first exhaust

all administrative remedies.  <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986);  <u>see also</u> <u>Fendler v. United States Parole Com'n</u>, 774 F.2d 975, 979 (9th Cir. 1985).  Respondent contends Petitioner has not sought any administrative appeal with the Bureau of Prison ("BOP") and has thereby failed to exhaust his administrative remedies.

Pursuant to 28 C.F.R. § 542.10, the BOP maintains an administrative remedy procedure which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  To begin the process, "an inmate shall first present an issue of concern informally to staff...."  28 C.F.R. § 542.13(a).  "[S]taff shall [then] attempt to informally resolve the issue...."  <u>Id</u>.  If the prisoner is dissatisfied with the result, he may then file within "20 calendar days following the date on which the basis of the complaint occurred," "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," and "submit it to the institution staff member designated to receive such Requests."  28 C.F.R. §§ 542.14(a) and (c)(4).  Following the Warden's response, the inmate "may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  28 U.S.C. § 542.15.  If the inmate is not satisfied with the Regional Director's response, he "may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30

calendar days of the date the Regional Director signed the response." Id. The appeal to the General Counsel is considered the final administrative appeal in the BOP.

Petitioner concedes he did not exhaust his administrative remedies, but argues exhaustion should be excused. The court may, at its discretion, excuse a petitioner's failure to exhaust administrative remedies if exhaustion is not mandated by Congress. United Farm Workers of America, AFL-CIO v. Arizona Agr. Employment Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982); see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). In determining whether to excuse exhaustion, the court should consider the claim asserted, the agency's interest in resolving the issue, and the administrative procedure provided. Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987).

Exhaustion should not be excused in this case. The purpose of the exhaustion requirement is to further Congress's intent to delegate to its agent the interpretation of a particular statute by prohibiting premature judicial interference with the agency's interpretive process, to give the agency the opportunity to correct its mistakes before the judiciary does so for it, and to give the reviewing court the benefit of the practical expertise that the agency brings to the interpretive enterprise. McKart v. United States, 395 U.S. 185, 193-95 (1969).

4 - OPINION AND ORDER -

Here, all of Petitioner's administrative procedures exist. He does not rebut Respondent's contention that he has failed to exhaust his remedies, and other than his statement that he believes exhaustion is futile, he does not explain why he has failed to exhaust despite having ample time to seek administrative remedies. Moreover, Petitioner does not allege that he is being denied any steps in the administrative process.

Petitioner's situation is distinguishable from two prior cases in which this court excused exhaustion upon a similar claim for relief. In both <u>Cook v. Gonzales</u>, CV 05-09-AS and <u>Haskey v. Daniels</u>, CV 05-249-AS, the Petitioners were faced with rapidly approaching release dates. Neither Petitioner could have completed the administrative review process within sufficient time to allow habeas review by the court, should the administrative review process have proved unsuccessful. Here, by contrast, Petitioner's projected release date is not until March 2, 2010, more than adequate time to allow the BOP to address Petitioner's claims at the administrative level. Accordingly, the Petition for Writ of Habeas Corpus is DENIED.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus is **DENIED**. The denial is without prejudice to Petitioner's

right to renew the Petition upon exhausting his available administrative remedies.

IT IS SO ORDERED.

DATED this _1st_ day of September, 2005.


                                     _/s/ Donald C. Ashmanskas_
                                      Donald C. Ashmanskas
                                      United States District Judge